IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK HILL JR.,

     Plaintiff,

     v.

OFFICER R. DASE #116, OFFICER B.
HANDELL #235, OFFICER R. MILLER, and
the CITY OF AURORA,

     Defendants.

Judge Kendall
Magistrate Judge Keys

No. 08-c-1496

**JOINT STATUS REPORT**

NOW COMES the Plaintiff, by and through Erica Faaborg of Horwitz, Richardson &

Baker LLC, and the Defendants, by and through their attorney, John Murphey, of Rosenthal,

Murphey & Coblentz, and propose to this Court the following joint status report of the parties:

1.  The lead attorneys on the case are Blake Horwitz for the Plaintiff and John Murphey

for the Defendants.  These are the attorneys that will try the case if it goes to trial.

2.  Basis for federal jurisdiction: 42 U.S.C. § 1983; 28 U.S.C. §1331 and §1343(a); the

Constitution of the United States; and this Court's supplementary jurisdiction powers.

3.  Nature of the claims asserted in the complaint and any counterclaims: The Plaintiff

alleges he was falsely arrested and brings claims of § 1983 false arrest, false arrest (state law

claim), § 1983 excessive force, battery (state law claim), § 1983 deliberate indifference to medical

needs, § 1983 conspiracy, conspiracy (state law claim), an indemnity claim against City of

Chicago under 745 ILCS 10/9-102, and a supplementary *respondeat superior* claim.

4.  The name of any party not yet served and the circumstances regarding non-service:

All Defendants have been served and have appeared through counsel.

1

5.  Principal legal issues: the probable cause standard for a false arrest claim, the proper use of force when engaging in arrest, and the elements of battery, conspiracy and deliberate indifference to medical needs.

6.  Principal factual issues: whether the Defendants had any basis to arrest, whether Defendant's used force against Plaintiff and if said force was used whether or not it was reasonable, the Defendants' factual basis for probable cause and the Plaintiff's claimed lack thereof.

7.  Whether a jury trial is expected by either party: Plaintiff has requested a jury trial.

8.  A short description of any discovery undertaken to date and any anticipated in the future: no discovery has occurred to date.  The parties expect to use the normal discovery devices, including requests for production, interrogatories, requests for admission, and depositions.  At this juncture, the parties do not anticipate exceeding the ten (10) depositions allotted by the Federal Rules of Procedure and do not anticipate needing more than the seven (7) hours allotted for each such deposition.  The parties propose the following discovery schedule:

    a.      Fact discovery to be completed by September 19, 2008.

    b.      Plaintiff to disclose expert witnesses by October 17, 2008.

    c.      Defendant to disclose expert witnesses by November 14, 2008.

9.  The earliest date the parties will be ready for trial and the length of the trial: The parties believe they can be ready for trial in approximately seven months (January 12, 2008) and anticipate the trial lasting 2-3 days.

10.  Whether or not the parties unanimously consent to proceed before a Magistrate Judge: the parties do not unanimously consent to proceed before a Magistrate Judge at this time.

11.  The status of any settlement discussions and whether the parties request a settlement conference: Plaintiff has not yet issued a demand.


Respectfully Submitted,


s/ Erica Faaborg
Attorney for the Plaintiff
20 S. Clark, Suite 500
Chicago, IL 60603
(312) 676-2100
(312) 372-7076 (fax)

s/ John Murphey (with permission)
Attorney for the Defendants
30 North LaSalle Street, Suite 1624
Chicago, IL 60602
(312) 541-1070