IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK HILL JR., | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1496 |
| | ) | |
| v. | ) | |
| | ) | Judge Kendall |
| OFFICER R. DASE, #116, OFFICER | ) | |
| B. HANDELL #235, OFFICER R. | ) | Magistrate Judge Keys |
| MILLER, and the CITY OF AURORA, | ) | |
| | ) | |
| Defendants. | ) | |

## OFFICER ROBERT DASE'S ANSWER TO COMPLAINT AT LAW

NOW COMES Defendant, Officer Robert Dase ("Dase"), by and through his attorneys, John B. Murphey, Yancey L. Pinkston, Jr. and Rosenthal, Murphey & Coblentz, and answers Plaintiff's Complaint at Law as follows:

### JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. § 1331 and § 1343 (a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**ANSWER:** Dase admits the allegations contained in paragraph 1.

### PARTIES

2. Plaintiff a resident of the State of Illinois and of the United States.

**ANSWER:** Dase does not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3.    The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF AURORA.

**ANSWER:**   Dase admits the allegations contained in paragraph 3.

4.    The CITY OF AURORA is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint.  At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF AURORA.

**ANSWER:**   Dase admits the allegations contained in the first sentence of paragraph 4. Dase also admits that he was acting under color of state law and reasserts his denials of the underlying substantive allegations of the complaint.

## FACTS

5.    On or about March 25, 2007, some or all of the DEFENDANT OFFICERS engaged in an unreasonable seizure of the Plaintiff.  This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER:**   Dase denies the allegations contained in paragraph 5.

6.    On or about March 25, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

**ANSWER:**   Dase denies the allegations contained in paragraph 6.

7.    The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

**ANSWER:**   Dase denies the allegations contained in paragraph 7.

8. The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort.  The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

**ANSWER:**   Dase denies the allegations contained in paragraph 8.

9. On March 25, 2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

**ANSWER:**   Dase denies the allegations contained in paragraph 9.

10. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

**ANSWER:**   Dase denies the allegations contained in paragraph 10.

11. On or about March 25, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officer for the CITY OF AURORA.  The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.  This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

**ANSWER:**   Dase admits the allegations contained in the first sentence of paragraph 11. However, Dase denies the remaining allegations contained in paragraph 11.

12. Upon information and belief, on March 25, 2007, OFFICER R. DASE #116, came into physical contact with PLAINTIFF.

**ANSWER:**   Dase admits the allegations contained in paragraph 12.

13. Upon information and belief, on March 25, 2007, OFFICER B. HANDELL #235, came into physical contact with PLAINTIFF.

**ANSWER:** Dase denies the allegations contained in paragraph 13.

14. Upon information and belief, on March 25, 2007, OFFICER R. MILLER, came into physical contact with PLAINTIFF.

**ANSWER:** Dase admits the allegations contained in paragraph 14

## CONSPIRACY

15. Some or all of the DEFENDANT OFFICERS conspired to cause damage to in the following manner:

   a. agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;

   **ANSWER:** Dase denies the allegations contained in paragraph 15(a).

   b. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;

   **ANSWER:** Dase denies the allegations contained in paragraph 15(b).

   c. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF;

   **ANSWER:** Dase denies the allegations contained in paragraph 15(c).

   d. agreeing not to report each other after falsely arresting and/or charging PLAINTIFF;

   **ANSWER:** Dase denies the allegations contained in paragraph 15(d).

   e. generating false documentation to cover-up for their own and each other's misconduct.

4


**ANSWER:**   Dase denies the allegations contained in paragraph 15(e).

16.   In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about March 25, 2007, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above.  As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, and suffer emotionally.

**ANSWER:**   Dase denies the allegations contained in paragraph 16.

## COUNT I
## §1983 Excessive Force

17.   PLAINTIFF re-alleges paragraphs 1-16 as though fully set forth herein.

**ANSWER**:   Dase re-alleges his answers to paragraph 1 – 16 as though fully set forth herein.

18.   The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFF.  This conduct violates the Plaintiff's Fourth Amendment of the United States Constitution.

**ANSWER**:   Dase denies the allegations contained in paragraph 18.

19.   The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER**:   Dase denies the allegations contained in paragraph 19.

WHEREFORE, Dase prays that this Court dismiss Count I with prejudice.

## COUNT II
## § 1983 False Arrest

20.   PLAINTIFF re-alleges paragraphs 1-16 as though fully set forth herein.

**ANSWER**: Dase re-alleges his answers to paragraphs 1 – 16 as though fully set forth herein.

21. The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

**ANSWER**: Dase denies the allegations contained in paragraph 21.

22. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER**: Dase denies the allegations contained in paragraph 22.

WHEREFORE, Dase prays that this Court dismiss Count II with prejudice.

### COUNT III
### False Arrest—State Claim

23. PLAINTIFF re-alleges paragraphs 1 – 16 as though fully set forth herein.

**ANSWER**: Dase re-alleges his answers to paragraphs 1 – 16 as though fully set forth herein.

24. The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

**ANSWER**: Dase denies the allegations contained in paragraph 24.

25. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

**ANSWER**: Dase denies the allegations contained in paragraph 25.

WHEREFORE, Dase prays that this Court dismiss Count III with prejudice.

## COUNT IV
### Battery—State Claim

26. PLAINTIFF re-alleges paragraphs 1 – 16 as though fully set forth herein.

**ANSWER**: Dase re-alleges his answers to paragraphs 1 – 16 as though fully set forth herein.

27. The DEFENDANT OFFICERS struck the PLAINTIFF intentionally, without consent and without justification.

**ANSWER**: Dase denies the allegations contained in paragraph 27.

28. The conduct of the DEFENDANT OFFICERS was in violation of Illinois Law.

**ANSWER**: Dase denies the allegations contained in paragraph 28.

29. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

**ANSWER**: Dase denies the allegations contained in paragraph 29.

WHEREFORE, Dase prays that this Court dismiss Count IV with prejudice.

## COUNT V
### § 1983 Deliberate Indifference to Medical Needs

30. PLAINTIFF re-alleges paragraphs 1-16 as though fully set forth herein.

**ANSWER:** Dase re-alleges his answers to paragraphs 1-16 as though fully set forth herein.

31. The actions of the DEFENDANT OFFICERS were deliberately indifferent to the medical needs of the PLAINTIFF in that said OFFICERS failed to provide PLAINTIFF with immediate medical attention after causing injury to PLAINTIFF.

**ANSWER:** Dase denies the allegations contained in paragraph 31.

32. Said OFFICERS, instead of transporting PLAINTIFF for immediate medical treatment, collectively and/or individually, sought to cover-up the misconduct by processing PLAINTIFF as a criminal, instead of providing immediate medical treatment.

**ANSWER:** Dase denies the allegations contained in paragraph 32.

33. This conduct violated the Fourteenth Amendment to the United States Constitution.

**ANSWER:** Dase denies the allegations contained in paragraph 33.

34. The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:** Dase denies the allegations contained in paragraph 34.

WHEREFORE, Dase prays that this Court dismiss Count V with prejudice.

## COUNT VI
### § 1983 Conspiracy Claim

35. Plaintiff re-alleges paragraphs 1 – 16 as though fully set forth herein.

**ANSWER**: Dase re-alleges his answers to paragraphs 1 – 16 as though fully set forth herein.

36. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

**ANSWER**: Dase denies the allegations contained in paragraph 36.

WHEREFORE, Dase prays that this Court dismiss Count VI with prejudice.

## COUNT VII
### Conspiracy Claim—State Law

37. Plaintiff re-alleges paragraphs 1 – 16 as though fully set forth herein.

**ANSWER**:  Dase re-alleges his answers to paragraphs 1 – 16 as though fully set forth herein.

38.  The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

**ANSWER**:  Dase denies the allegations contained in paragraph 38.

WHEREFORE, Dase prays that this Court dismiss Count VII with prejudice.

## COUNT VIII
### 745 ILCS 10/9-102 Claim Against the CITY OF AURORA

39.  Plaintiff re-alleges paragraphs 1 – 16 as though fully set forth herein.

**ANSWER**:  Dase re-alleges his answers to paragraphs 1-16 as though fully set forth herein.

40.  Defendant CITY OF AURORA is the employer of the DEFENDANTS OFFICERS alleged above.

**ANSWER**:  Count VIII is not directed at Dase.  Therefore, no answer is required.

41.  The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of their employment as employees for the CITY OF AURORA.

**ANSWER**:  Count VIII is not directed at Dase.  Therefore, no answer is required.

WHEREFORE, Dase prays that this Court dismiss Count VIII with prejudice.

## COUNT IX
### Supplementary Claim for *Respondeat Superior*

Plaintiff re-alleges paragraphs 1 – 16 as though fully set forth herein.

**ANSWER**:  Dase re-alleges his answers to paragraph 1-16 as though fully set forth herein.

38.　　The aforesaid acts of the DEFENDANT OFFICERS were in the scope of their employment and therefore the Defendant CITY OF AURORA, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

**ANSWER**:　　Count IX is not directed at Dase. Therefore, no answer is required.

WHEREFORE, Dase prays that this Court dismiss Count IX with prejudice.

## JURY DEMAND

Defendant, Dase, demands trial by jury.

Respectfully submitted,

OFFICER ROBERT DASE

By:　　/s/ John B. Murphey

JOHN B. MURPHEY
ROSENTHAL, MURPHEY & COBLENTZ
30 North LaSalle St., Suite 1624
Chicago, Illinois 60602
Tel. (312) 541-1070
Fax (312) 541-9191
ARDC #1992635

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 26, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

Blake Horwitz
Erica Faaborg
Horwitz, Richardson & Baker, L.L.C.
20 S. Clark Street, Suite 500
Chicago, Illinois 60603

                                                     /s/   Douglas M. Doty
                                       ROSENTHAL, MURPHEY & COBLENTZ
                                       Attorney for Defendants
                                       30 North LaSalle Street, Suite 1624
                                       Chicago, Illinois 60602
                                       Tel. (312) 541-1070
                                       Fax: (312) 541-9191